IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY N. MINCHELLA,<br>    Plaintiff,<br>v.<br>SUN LIFE ASSURANCE COMPANY<br>OF CANADA,<br>    Defendant. | CIVIL ACTION<br><br>NO. 13-3823 |

## MEMORANDUM OPINION

Rufe, J.                                             September 23, 2013

Before the Court are Defendant's Motion to Dismiss and Plaintiff's response thereto. For the reasons that follow, the Motion will be granted without prejudice. Plaintiff may amend his complaint to include causes of action sounding in federal law.

I.   **Factual Background**[1]

Plaintiff Anthony Minchella is the administrator of his father's estate. The decedent, Jason Minchella, was insured under a group life insurance policy as a benefit of his employment issued by Defendant Sun Life Assurance Company. Mr. Minchella died on June 13, 2011. Plaintiff filed a claim with Defendant under the policy, and Defendant refused to pay benefits to Mr. Minchella's estate. Subsequently, Sun Life acknowledged its responsibility to disburse benefits to the estate, but refused to do so.

---

[1] For the purposes of this Opinion, the facts are drawn from Plaintiff's Complaint (Doc. No. 1-4) and accepted as true, drawing all reasonable inferences in favor of the Plaintiff. *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *Thompson v. U.S. Airways, Inc.*, 717 F. Supp. 2d 468, 473 (E.D. Pa. 2010).

1

## II. Procedural Background

On May 31, 2013, Plaintiff filed a complaint in the Delaware County Court of Common Pleas against Defendant, alleging numerous causes of action under the laws of Pennsylvania.[2] On July 1, 2013, Sun Life timely removed to this Court, arguing that the causes of action are preempted by the Employee Retirement Income Security Act ("ERISA").[3] The next day, Sun Life filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that because federal law preempts the causes of action alleged in the Complaint, the Complaint fails to state a claim on which relief may be granted.

## III. Jurisdiction

Defendants remove this action from state court pursuant to 28 U.S.C. § 1441(a). That statute allows removal by defendants of any action from state court to federal court where the federal court has original jurisdiction. Defendants argue that this court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331.

Ordinarily, a federal district court does not have federal-question jurisdiction unless the well-pleaded allegations in the plaintiff's complaint set forth a cause of action arising under the laws or Constitution of the United States.[4] A federal defense, even a defense that a state-law claim is preempted by ERISA, is not sufficient to make a case removable.[5] However, the Supreme Court has carved out an exception to this rule applicable in the ERISA context:

---

[2] The Complaint alleges violations of 42 Pa. C.S. § 8371 (prohibiting bad faith on the part of insurers); 73 P.S. § 201-1 *et seq.* (prohibiting unfair trade practices); 40 P.S. § 1171.1 *et seq.* (Pennsylvania's Unfair Insurance Practices Act); and Sun Life's contractual obligations.
[3] Codified in part at 29 U.S.C. § 1001 *et seq.*
[4] *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).
[5] *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 14 (1983) ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint.")

2

"Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."[6] The Supreme Court in *Metropolitan Life* held that if a state law cause of action was not only preempted by ERISA but also fell within ERISA's civil remedy provision, 29 U.S.C. § 1132(a), the claim should be recharacterized as one arising under federal law within the meaning of 28 U.S.C. § 1331 and therefore removable to a federal district court.[7] Therefore, in order to decide whether Sun Life properly removed this case here, the Court must decide first whether any of Plaintiff's claims are preempted by ERISA and fall within ERISA's civil remedy provision.

To determine whether ERISA's civil remedy provision covers Plaintiff's causes of action, the Court must determine "if [Plaintiff], at some point in time, could have brought his claim under" 29 U.S.C. § 1132(a).[8] The provisions of ERISA apply to "any employee benefit plan if it is established or maintained by any employer engaged in commerce or in any industry or activity affecting commerce."[9] ERISA provides: "A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan."[10] A "plan" is defined in relevant part as "an employee welfare benefit plan,"[11] a term that is itself defined as:

> "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment."[12]

---

[6] *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987).
[7] *Id.* at 64–67.
[8] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).
[9] 29 U.S.C. § 1003(a)(1).
[10] *Id.* 1132(a)(1)(B).
[11] *Id.* § 1002(3).
[12] *Id.* § 1002(1).

3

The parties do not dispute that the plan at issue was maintained by an employer engaged in commerce and was maintained for the purpose of providing benefits in the event of death. Therefore, the plan is a "plan" within the meaning of ERISA, and it is subject to its provisions. It cannot seriously be questioned on the basis of the Complaint that Plaintiff is seeking to enforce his rights under the plan; he seeks remedies for Defendant's refusal to provide benefits under the plan, remedies that would not exist unless Plaintiff has enforceable rights under the plan.

Plaintiff argues, however, that Defendant has "waived application of ERISA" by drafting a contract governed by the laws of California and by informing policyholders that questions related to the policy may be addressed to the California Insurance Department.[13] While it is true that many circuit courts have held that a defense based on ERISA's preemption of state law claims is waivable,[14] nothing changes the fact that by timely raising preemption in their motion to dismiss, Defendants have not waived the defense.[15]

---

[13] Response (Doc. No. 5) at 4. Plaintiff's argument reads more fully, "Defendant has waived application of ERISA. The first page of the contract submitted by defendant says the contract is subject to California law, which would preempt an ERISA plan . . . The second page of the contract advises of the right to go to the California Insurance Department, which likewise would strip ERISA jurisdiction if it were an ERISA plan." This argument betrays a certain amount of confusion on the part of Plaintiff's counsel. California law does not and cannot preempt federal law. U.S. Const. Art. IV, cl. 2 ("This Constitution, and the Laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land . . . anything in the constitution or laws of any state to the contrary notwithstanding."). Nor could an advisory notice that there is a potentially helpful state agency strip this Court of jurisdiction.

[14] *E.g., Am. Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339 (8th Cir. 2013); *Saks v. Franklin Covey Co.*, 316 F.3d 337 (2d Cir. 2003); *Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444 (1st Cir. 1995). The Third Circuit has summarily affirmed a lower court decision holding the same, *Rehab. Inst. of Pittsburgh v. Equitable Life Assur. Soc. of U.S.*, 131 F.R.D. 99 (W.D. Pa. 1990), *aff'd*, 937 F.2d 598 (table) (3d Cir. 1991).

[15] The only defenses that can be waived before an answer is due are those listed in Fed. R. Civ. P. 12(b)(2)–(5). Fed R. Civ. P. 12(h)(1). Moreover, the Court finds that the preemption argument is properly raised in a 12(b)(6) motion, even if some courts have characterized it as an

4

Since Plaintiff is seeking remedies that fall within ERISA's civil remedy provision, this case arises under the laws of the United States within the meaning of 28 U.S.C. § 1331, and it was therefore properly removed here.

## IV. Defendant's Motion

Having determined that this Court has jurisdiction, the Court may now turn to Defendant's motion to dismiss for failure to state a claim on which relief may be granted. The now-familiar standard is that Defendant's motion will not be granted unless the facts alleged in Plaintiff's complaint, taken as true, fail to "state a claim to relief that is plausible on its face."[16]

Defendant argues that all of Plaintiff's claims sound in state law and are preempted by ERISA. The Court will address each of Plaintiff's counts separately.

*a. Count I*

Plaintiff alleges that Defendant's refusal to award death benefits violates Pennsylvania's "bad faith" statute, 42 Pa. C.S. § 8371. Defendant argues that it is preempted by ERISA. Defendant is correct. The Third Circuit has squarely confronted the question of whether a person can pursue a § 8371 claim against the provider of an ERISA plan, and answered in the negative.[17] Plaintiff's § 8371 claim is therefore dismissed without prejudice to the assertion of an appropriate claim under ERISA.

*b. Counts II and IV*

---

affirmative defense and therefore properly raised in an answer pursuant to Rule 8(c). It is proper to raise preemption now because the question of preemption is a purely legal issue, and no factfinding is required to resolve the issue. *Cf. Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) (reversing appellate court's reversal of district court's granting motion to dismiss pursuant to Rule 12(b)(6) on grounds of preemption); *see also Davila v. Aetna U.S. Healthcare, Inc.*, 2001 WL 34354948 (N.D. Tex. 2001) (case below).
[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).
[17] *Barber v. Unum Life Ins. Co. of Am.*, 383 F.3d 134, 140–144 (3d Cir. 2004).

5

Plaintiff alleges that Defendant's refusal to award death benefits violates Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.*, and amounts to a breach of contract. Defendant argues that ERISA preempts these counts.

Several district courts within the Third Circuit have held that unfair trade practices and breach of contract claims are preempted by ERISA.[18] The plain meaning of ERISA's statutory language compels this Court to agree. With limited exceptions not relevant here, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[19] Since the laws in under which Plaintiff seeks relief are being used to enforce a plan regulated by ERISA, they are preempted.

The Supreme Court has held that when an insurer's "potential liability under [state law] . . . derives entirely from the particular rights and obligations established by the benefit plans," ERISA preempts the claims.[20] Similarly here, any liability Sun Life owes to Plaintiff derives from the ERISA-governed plan because without the plan, Plaintiff could not make any claim against Sun Life.[21]

    c. *Count III*

Plaintiff alleges that Defendant's refusal to award death benefits violates Pennsylvania's Unfair Insurance Practices Act (UIPA). Unfortunately for Plaintiff, Pennsylvania's UIPA does not

---

[18] *Harding v. Provident Life & Acc. Ins. Co.*, 809 F. Supp. 2d 403, 418 (W.D. Pa. 2011) ("It is well-settled that breach of contract and unfair trade practices claims under Pennsylvania law are preempted by ERISA.") (collecting cases).
[19] 29 U.S.C. § 1144(a)
[20] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 213 (2004).
[21] ERISA does have a "saving clause," 29 U.S.C. § 1144(b)(2)(A), that allows for state regulation of the insurance industry, but the clause is inapposite, since the Supreme Court has held that state laws of general applicability, like Pennsylvania's Unfair Trade Practices and Consumer Protection Law and its general contract law, are preempted by ERISA, notwithstanding the saving clause. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48–51 (1987).

include a private right of action.[22] In reaction to *D'Ambrosio*, the Pennsylvania legislature passed 42 Pa. C.S. § 8371, another law that Plaintiff relies on. However, that statute does not create a cause of action for all violations of the UIPA; it is limited only to "bad faith" claims, discussed herein in connection with Count I.[23] Plaintiff's claim under UIPA is therefore dismissed with prejudice.

## V.     Conclusion

Plaintiff's complaint seeks relief only on state-law grounds that are preempted by ERISA. However, he has alleged facts which may entitle him to relief under ERISA's comprehensive remedial scheme, 29 U.S.C. § 1132. Therefore, Defendant's Motion to Dismiss will be granted without prejudice. Plaintiff may amend his complaint to include appropriate federal causes of action without leave of court within **thirty days** of the date of the Order accompanying this Opinion.

---

[22] *D'Ambrosio v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 494 Pa. 501(1981).
[23] *Toy v. Metro. Life Ins. Co.*, 593 Pa. 20, 35–43 (2007); *accord Olick v. Kearney*, 451 F. Supp. 2d 665, 678 (E.D. Pa. 2006).